**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:13 CR 57** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **RAYMOND M. WELCH, II,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## I.    Background

On January 30, 2013, Defendant Raymond M. Welch, II, was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Doc #: 1.)  The Indictment alleged that, on December 27, 2012, Welch possessed a Makarov pistol and ammunition, after he had previously been convicted of a crime punishable by more than one year imprisonment, and that the firearm had traveled in interstate commerce.  (Id.)

On April 15, 2013, Defendant pled guilty to the Indictment pursuant to a Plea Agreement which advised him that the statutory maximum prison term was 10 years.  (Doc #: 15 ¶ 2.)  The Plea Agreement reflected Defendant's understanding that the advisory guideline range would be determined by the Court at the time of sentencing, "after a presentence report has been prepared by the U.S. Probation Office and reviewed by the parties."  (Id. ¶ 11.)   A sentencing hearing was scheduled for July 15, 2013, which was later reset for July 29, 2013.  (Respectively, 4/15/2013 Minutes, 7/11/2013 Minutes.)

On July 26, 2013, the Government filed a Sentencing Memorandum.  (Doc #: 19.)  The Government stated that, at the time of the plea hearing, it was aware that Defendant had previously been convicted of what it considered to be only two "violent felonies" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (i.e., Felonious Assault with a Firearm Specification and Attempted Failure to Comply with the Signal of a Police Officer ("Attempted Failure to Comply")).  (Id. at 1-2.)  Upon receiving the Presentence Investigation Report ("PSR"), however, counsel and the Court first learned that Defendant was also previously convicted of Aggravated Assault in 2003.  It was the Government's position that this third conviction, along with the other two convictions, qualifies Defendant to be sentenced under the ACCA, which mandates a minimum prison term of 15 years.  (Id.)  Thus, the Government asked the Court to impose a sentence consistent with the finding that Defendant is an "armed career criminal."  (Id. at 7.)

After discussion at the July 29, 2013 Sentencing Hearing, the Government expressed its intention to file a motion to vacate the guilty plea and the plea agreement.  (Doc #: 20.) Accordingly, the Court postponed the hearing and set forth a schedule for briefing the Government's anticipated motion.  (Id.)

The Government subsequently filed its motion, arguing once again that the Attempted Failure to Comply conviction qualifies as a predicate offense under the ACCA, and requires that Defendant be sentenced as an armed career criminal.  (Doc #: 22.)  Defendant filed a response brief.  (Doc #: 23.)  Therein, he effectively conceded that his conviction for Attempted Failure to Comply qualifies as a predicate offense under the ACCA; that his three prior convictions qualify him as an armed career criminal; and that this qualification subjects him to a mandatory

-2-

minimum prison term of 15 years.  (Id.)  He asked the Court to withdraw his plea of guilty to the

indictment and enter a plea to the amended charge.  (Id.)  Accordingly, the Court scheduled a

change of plea/sentencing hearing.  (9/5/13 Minutes.)

At the September 18, 2013 hearing, however, Defendant withdrew his previous request

and sought leave to brief the question of whether his conviction for Attempted Failure to Comply

qualifies as a predicate offense under the ACCA.  (9/18/13 Minutes.)  The Court again set forth a

briefing schedule.  (Id.)

The Court has now reviewed the parties' briefs, Doc ##: 26, 27 and 28, and is prepared to

issue its ruling.

## II.    ACCA Standard

The ACCA provides that any person convicted of violating 18 U.S.C. §922(g) is subject

to a mandatory minimum sentence of 15 years to a maximum sentence of life in prison if that

person has three or more prior convictions for either "a serious drug offense" or "a violent

felony."  18 U.S.C. § 924(e)(1).  It is undisputed that no serious drug offense applies and that

Defendant's convictions for Felonious Assault and Aggravated Assault qualify as violent

felonies.  Thus, the only question before the Court is whether Defendant's conviction for

Attempted Failure to Comply constitutes a violent felony.

The ACCA defines a violent felony as one which is punishable by imprisonment for a

term exceeding one year, and that

(I) has as an element the use, attempted use, or threatened use of physical force
against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise
involves conduct that presents a serious risk of physical injury to another*."

-3-

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized language is euphemistically referred to as "the residual clause" of § 924(e)(2)(B).  *See U.S. v. Mansur*, 375 Fed.Appx. 458, 463 (6th Cir. 2010).  The parties agree that the only language which may apply to this particular conviction is the residual clause of the ACCA.

In determining whether a prior conviction constitutes a crime of violence under the ACCA, the district court initially takes a "categorical approach," examining the offense in terms of how the statute defines it; not in terms of how an individual may have committed it on a particular occasion.  *Mansur*, 375 Fed.Appx. at 463 (citing *Begay v. United States*, 553 U.S. 137, 143 (2008)).  In taking the categorical approach, the court examines only "whether the elements of the offense are of the type that would justify its inclusion within the residual provision." *United States v. Young*, 580 F.3d 373, 377 (6th Cir. 2009).  The categorical approach is designed to avoid "the practical difficulties and potential unfairness of a factual approach."  *Mansur*, 375 Fed. Appx. at 463 (quoting *Begay*, 553 U.S. at 143).  In applying the categorical approach, the court must consider how the offense is committed in the ordinary case, rather than how it is committed in the extraordinary case.  *James v. United States*, 550 U.S. 192, 208 (2007).

However, if the statutory language is not determinative, the court may then may look to the charging instrument, written plea agreement, judicial findings or comparable judicial records – collectively known as *Shepard* documents – in determining whether the underlying felony is a violent felony.  *Mansur*, 375 Fed.Appx. at 463 (citing *United States v. Shepard,* 544 U.S. 13 (2005)).  The court does not employ this "modified categorical approach" unless it is possible to violate the statute in question in a way that would constitute a violent felony *and* in a way that would not.  *Shepard*, 544 U.S. at 26; *United States v. Kearney*, 675 F.3d 571, 574 (6th Cir. 2012).

-4-

Finally, while most ACCA predicate offenses involve "purposeful, violent, and aggressive conduct," *id.*. at 144-45, the Supreme Court recently clarified that an offense may also qualify as a violent felony based on the risk of harm involved.  *Sykes v. United States*, – U.S. – , 131 S.Ct. 2267, 2275 (2011).

### III.    Analysis

### A.    Categorical Approach

In *Chambers v. United States*, 555 U.S. 122 (2009), the question before the Court was whether a defendant's prior conviction for "failure to report to a penal institution" for weekend confinement, under an Illinois statute, qualified as a predicate offense under the ACCA.  In beginning its analysis, the Court stated, "The categorical approach requires courts to choose the right category.  And sometimes the choice is not obvious.  The nature of the behavior that likely underlies a statutory phrase matters in this respect." *Chambers*, 555 U.S. at 126.  Thus, the Court explained:

> Where Massachusetts, for example, placed within a single, separately numbered statutory section (entitled "Breaking and entering at night,"Mass. Gen. Laws Ann., ch. 266, § 16 (West 2008)) burglary of a "building, ship, vessel or vehicle," this Court found that the behavior underlying, say, breaking into a building differs so significantly from the behavior underlying, say, breaking into a vehicle that for ACCA purposes a sentencing court must treat the two as different crimes.

*Id*.  With regard to the statute before it, the Court noted that the Illinois statute, like the Massachusetts statute, placed together in a single numbered statutory section several different kinds of behavior, separately described as:

> (1) escape from a penal institution, (2) escape from the custody of an employee of a penal institution, (3) failing to report to a penal institution, (4) failing to report for periodic imprisonment, (5) failing to return from furlough, (6) failing to return from work and day release, and (7) failing to abide by the terms of home confinement. . . .We know from the state-court information in the record that

> Chambers pleaded guilty to "knowingly fail[ing] to report" for periodic imprisonment "to the Jefferson County Jail, a penal institution. . . .But we must decide whether for ACCA purposes a failure to report counts as a separate crime.

*Id*. The Court concluded that the failure-to-report crime was a separate crime because "[t]he behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." *Chambers*, 555 U.S. at 127.  Moreover, "the statute itself not only lists escape and failure to report separately (in its title and its body) but also places the behaviors in two different felony classes (Class Two and Class Three) of different degrees of seriousness." *Id*.

The Court ultimately determined that the failure to report crime did not constitute a "violent" felony because, it did not have "as an element the use, attempted use, or threatened use of physical force against the person of another;" it did not "consist of burglary, arson, or extortion, or involve the use of explosives; and it did not "involve conduct that presents a serious potential risk of physical injury to another." *Id*.  Rather, the Court found, "conceptually speaking," that the crime, in the ordinary course, amounted to a form of inaction. *Id*.

Applying the categorical approach to the instant case, the Court finds that Defendant's conviction for Attempted Failure to Comply constitutes a violent felony.  Ohio's Failure to Comply statute, O.R.C. § 2921.331, provides, in pertinent part:

> (A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.

> (B) No person shall operate a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)    (1)  Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.

(2)  A violation of division (A) of this section is a misdemeanor of the first degree.

(3)  Except as provided in divisions (C)(4) and (5) of this section, a violation of division (B) of this section is a misdemeanor of the first degree.

(4)  Except as provided in division (C)(5) of this section, a violation of division (B) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds by proof beyond a reasonable doubt that, in committing the offense, the offender was fleeing immediately after the commission of a felony.

(5)    (a)    A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

(I)  The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.

(ii)  The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

Here, unlike the Massachusetts and Illinois statutes analyzed in *Chambers*, choosing the right category of the failure-to-comply statute that applies to Defendant's conviction is obvious. *Chambers*, 555 U.S. at 126.  The legislature not only separately categorized the various crimes that fall under the failure-to-comply rubric, but also placed the behaviors underlying the offenses in different classes (misdemeanors and felonies) and degrees of seriousness (third- and fourth-degree felonies).  *Id.*

The first crime described in the Failure to Comply statute is the failure to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic, a first-degree misdemeanor.  O.R.C. § 2921.331(A)(C)(2).

The next crime described is the operation of a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop. O.R.C. § 2921.331(B).  This crime is a fourth-degree felony if a jury or judge finds that the offender was fleeing immediately after committing a felony.  O.R.C. § 2921.331(C)(4).  It is a third-degree felony if a jury or judge finds that either (1) the operation of the vehicle proximately caused serious physical harm to persons or property, O.R.C. § 2921.331(C)(5)(a)(I), or (2) the operation of the motor vehicle caused a substantial risk of serious harm to persons or property, O.R.C. § 2921.331(C)(5)(a)(ii).  And if none of these three circumstances apply, it is a first-degree misdemeanor.  O.R.C. § 2921.331(C)(3).

The state-court indictment charged Defendant with operating a motor vehicle:

> so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop and *the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.*

(Doc #: 27-1, at 1 (emphasis added).)  Ohio courts have held that the conduct described in the highlighted language constitutes an element of the offense which must be proven beyond a reasonable doubt.  *See, e.g., State v. Maddox*, 2006-Ohio-2937 ¶ 63 (Ohio App. 11 Dist.) (referring to § 2921.331(C)(5)(a)(ii), "any factor that serves to elevate the degree of a crime is an element of the crime, which must be proven beyond a reasonable doubt."); *State v. Clay*, 2009-Ohio-1235 ¶ 60, 181 Ohio App.3d 563, 577; *State v. Greathouse*, 2009-Ohio-3829 ¶ 10 (Ohio App.12 Dist.).  Moreover, this element of the statute all but mirrors the residual clause of the ACCA for a violent felony.  See 18 U.S.C. § 924(e)(2)(B)(ii) (criminalizing "conduct that

presents a serious risk of physical injury to another.")  Thus, it is <u>impossible</u> to violate the statute in a way that would not constitute a violent felony.  *Shepard*, 544 U.S. at 26; *Kearney*, 675 F.3d at 574.

Under Ohio law, an attempt to commit an offense "is an offense of the next lesser degree than the offense attempted."  O.R.C. § 2923.02(E)(1).  While the application of the attempt statute necessarily reduced Defendant's third-degree felony to a fourth-degree felony, it did not alter in any way the elements of the statute under which he was convicted.  That he was ultimately unsuccessful in eluding police officers did not alter the fact that, in attempting to elude them, he operated his vehicle in a manner that caused a substantial risk of serious physical harm to persons or property – an element of the crime with which he was charged, admitted committing, the sentencing judge found, and for which he served a prison term exceeding one year.

In sum, applying the categorical approach to Defendant's prior conviction involves no guesswork and leaves no wiggle room.  Attempted Failure to Comply constitutes a violent felony under the ACCA because it necessarily "involves conduct that presents a serious risk of physical injury to another."

### B.   Modified Categorical Approach

The Court need not employ the modified categorical approach because it is impossible to violate the statute in a way that would <u>not</u> constitute a violent felony.  *Shepard*, 544 U.S. at 26; *Kearney*, 675 F.3d at 574.  However, Defendant mentioned, and then ignored, application of the categorical approach to the statute under which he was convicted.  Rather, pointing out inaccuracies or inconsistencies in the available *Shepard* documents, he attempts to cobble

together an argument that his conviction for Attempted Failure to Conform fails the modified

categorical approach.  Because this is Defendant's only argument, the Court will address it.

Below are the available *Shepard* documents to which Defendant refers.

1.    The Indictment

The state-court indictment charges that, on or about September 6, 2002, in Richland

County, Defendant:

> did operate a motor vehicle so as to willfully elude or flee a police
> officer after receiving a visible or audible signal from a police
> officer to bring his motor vehicle to a stop and the operation of the
> motor vehicle by the offender *caused a substantial risk of serious
> physical harm to persons or property*, in violation of section
> 2921.331(B)(3) of the Ohio Revised Code, a felony of the third
> degree.

(Doc #: 27-1, at 1 of 2.)

2.    The Plea Entry

The Plea Entry shows that the crime initially charged was amended to an Attempted

Failure to Comply: "Att. Failure to Comply, 1 Count R.C. 2921.331, F-4."

(Doc #: 27-2, at 1.)

3.    The Admission of Guilt/Judgment Entry

In this entry, Defendant states:

> I withdraw my former plea of not guilty and enter a plea of GUILTY to the
> offense of . . . Att. Failure to Comply, 1 count, R.C. 2921.33, F-4.

(Doc #: 27-2, at 1 of 2.)  The Judgment Entry also reflects Defendant's understanding that the

maximum sentence is a basic prison term of 15 months.  (Id.)

4.    The Sentencing Entry

The Sentencing Entry states that Defendant "has been convicted of Attempted Fleeing

-10-

and Eluding, a violation of R.C. 2921.331, a fourth degree felony." (Doc #: 27-3, at 1.)  The word "fourth" is encircled.  The entry also reflects that Defendant was sentenced to a prison term of 15 months.  (Id. at 2.)

Applying the modified categorical approach, the Court notes that the Indictment unequivocally states that Defendant operated a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop *and the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property, . . . a felony of the third degree*.  The Plea Entry shows that Defendant admitted committing the crime of Attempted Failure to Comply, which admission is also reflected in his Admission of Guilt.  As mentioned previously, an attempt to commit a particular offense is an offense of the next lesser degree than the offense attempted.  O.R.C. § 2923.02.  This means that, while Defendant was charged with committing a third-degree felony, he pled guilty to committing a fourth-degree felony.  The Sentencing Entry shows that the sentencing judge expressly found Defendant guilty of the fourth-degree felony he admitted committing, and the only felony he could possibly be convicted for under the Failure to Comply statute, O.R.C. § 2921.331.  Finally, it is undisputed that Defendant served a 15-month prison sentence for the fourth-degree felony.  As the Government points out, the willful flight from law enforcement without the additional element of a substantial risk of harm is a misdemeanor punishable only by 180 days.  If there were truly *any ambiguity* about his conviction or sentence, he would have appealed that conviction or sentence; but it appears he did not.

-11-

Defendant now argues that the Indictment is an unreliable *Shepard* document because it erroneously cites O.R.C. § 2921.331(B)(3) and there is no section (B)(3). The offense was in fact a violation of O.R.C. § 2921.331(B), and the language of the indictment is consistent with the statute and the degree of felony charged. The Court finds that any ambiguity caused by the erroneous citation to a paragraph that doesn't exist is removed by the express indictment language.

Defendant admits that the Plea Entry shows that he entered a guilty plea to the amended charge of attempt, which downgraded his third-degree felony to a fourth-degree felony. (See Doc #: 26, at 6.) He argues, however, that the Plea Entry is an unreliable *Shepard* document because the notation to "F-4" is not a judicial finding of fact. (Id.) A plea agreement is not a document which reflects a sentencing judge's findings of fact. It contains a defendant's admission of facts.

Defendant contends that the Sentencing Entry is an unreliable *Shepard* document because the judge failed to state whether Defendant's failure to comply was "the proximate cause of serious physical injury to persons or property," or whether Defendant's conduct "caused a substantial risk of serious physical injury to persons or property." (Respectively, O.R.C. § 2921.331 (C)(5)(a)(I), § 2921.331 (C)(5)(a)(ii).) But Defendant was never charged with causing serious physical harm to persons or property. He was charged with, admitted and pled guilty to operating a motor vehicle in a manner that "caused a substantial risk of serious physical injury to persons or property."

Defendant acknowledges that there are a number of Sixth Circuit cases and a Supreme Court case which address the question of whether an evading arrest conviction can be a violent

-12-

felony under the ACCA, and have concluded that they are.  *See, e.g., Sykes*, 131 S.Ct. 2267 (reviewing the Indiana fleeing and eluding statute and concluding that it is a violent felony).  He argues, however, that none of those cases examine the adequacy of the available *Shepard* documents.  As shown above, however, the Court was able to resolve this dispute without so much as glancing at the *Shepard* documents.

Defendant argues that the Court must "make a separate determination whether a conviction for attempted fleeing and eluding is also a violent felony," citing *James*, 550 U.S. 192.  The citation to *James* does not help Defendant.  There, the question there was whether attempted burglary, as defined by Florida statute, fell within the residual clause of the ACCA. The *James* Court found that attempted offenses may qualify as predicates under the ACCA when they involve conduct that presents a serious potential risk of physical injury to another.  Here, causing "a substantial risk of serious physical harm to persons or property" is an express element of the crime of Attempted Failure to Comply.

Finally, Defendant argues that "the crime of attempted fleeing and eluding is a *factual impossibility* and therefore it cannot be an armed career criminal predicate."  (Doc #: at 8 (emphasis added).)  Although Defendant recognizes that the charge in this instance "is likely the result of plea bargaining," he concludes, "because one *cannot imagine how this crime can be committed*, this Court cannot now find that the underlying conduct 'presented a serious potential risk of physical injury to another.'" (Id. (emphasis added).)

As the Court previously explained, that a person does not *succeed* in evading police officers' attempt to stop him does not mean that the operation of his motor vehicle in an effort to elude them *posed any less risk of injury to persons or property*.  In pleading guilty to the

amended charge, Defendant expressly admitted that he posed a substantial risk of serious physical harm to persons or property.

### III.  Conclusion

Accordingly, the Court concludes that Defendant's conviction for Attempted Failure to Comply constitutes a "violent felony" under the ACCA.

Because of this conclusion, the Court **GRANTS** the Government's Motion to Vacate the Guilty Plea and the Plea Agreement. (**Doc #: 22**.)  The Court directs Defendant to confer with counsel and file a notice, **no later than 3:00 p.m. on Friday, November 15, 2013**, advising the Court whether he wishes to enter a guilty plea or proceed to trial.

**IT IS SO ORDERED.**


*/s/ Dan A. Polster     November 8, 2013*
**Dan Aaron Polster**
**United States District Judge**